**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ANJAE HOWELL,** | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **SANTANDER CONSUMER USA,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

ANJAE HOWELL ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SANTANDER CONSUMER USA ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Delaware, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Wilmington, Delaware 19801.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 565 Fifth Avenue, New York, NY 10017.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around March 2015 and continuing through at least December 2016, Defendant called Plaintiff repeatedly and continuously on her cellular telephone.

13. Defendant called Plaintiff from multiple telephone numbers including, but not limited to, 877-898-8468.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

15. When Plaintiff answered calls, she would usually either be greeted by a recording or a noticeable pause before the call terminated or a representative came on the line.

16. Plaintiff knew that Defendant was calling her because she spoke to male and female callers who identified Defendant by name.

17. Defendant's telephone calls were not made for "emergency purposes."

18. Shortly after Defendant's calls began in or around March 2015, Plaintiff spoke with Defendant and told them to stop calling.

19. However, Defendant ignored Plaintiff's request and continued to call her, on average several times a week or more, through December 2016.

20. After Plaintiff's repeated requests to stop calling her cellular telephone were ignored, Plaintiff was forced to block calls from Defendant by downloading an application on her mobile devise.

21. Plaintiff found Defendant's repeated calls annoying, frustrating, upsetting, harassing, and an invasion of her privacy.

22. Upon information and belief, Defendant conducts business in a

manner which violates the Telephone Consumer Protection Act.

## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. After Plaintiff told Defendant to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, ANJAE HOWELL, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANJAE HOWELL, demands a jury trial in this case.

```
                                        RESPECTFULLY SUBMITTED,

                                        KIMMEL & SILVERMAN, P.C.

DATED: March 28, 2017                   By:/s/W.ChristopherComponovo__
                                        W. Christopher Componovo, Esq.
                                        Attorney ID #3234
                                        Kimmel & Silverman, P.C.
                                        Silverside Carr Executive Center
                                        Suite 118, 501 Silverside Road
                                        Wilmington, DE 19809
                                        Phone: (302) 791-9373
                                        Facsimile: (302) 791-9476
```